JOHNSON *v.* DETROIT & MACKINAC RAILWAY CO.

RAILROADS—KILLING STOCK—CATTLE GUARD—SUFFICIENCY.

A cattle guard, so narrow that it does not fill the space neces-
sary to be left between the "glance fences" to allow passage
of the trains, does not comply with the statute though it is of a
pattern approved by the railroad commissioner.

Error to Iosco; Connine, J. Submitted February 17,
1905. (Docket No. 186.) Decided March 7, 1905.

Case by Nelson Johnson against Detroit & Mackinac
Railway Company for killing cattle. There was judgment
for plaintiff, and defendant brings error. Affirmed.

*Charles R. Henry,* for appellant.

*Jahraus & Rawden,* for appellee.

HOOKER, J. A former opinion in this cause has dis-
posed of many questions that might otherwise require
consideration upon this record. It will be found in 135
Mich. 353. As will be seen from that case, the plaintiff
had recovered a verdict and judgment against the defendant
railroad company for the loss of stock killed by defend-
ant's train. According to the brief of the defendant, the
negligence relied on was (1) that the cattle guard was
allowed to remain dented and flattened so that cattle
could cross it; (2) that the "glance fence" did not extend
up to the cattle guard, but left a strip of ground shown to
be nine inches wide, thus affording opportunity for the
cattle to pass. The glance fence was a fence built parallel
with the railroad. Theoretically, it should be built close
to the cattle guard; and in this case it was inclined so as to
accommodate the wider portions of the cars, above the run-
ning gear. In this case the inclination from the track
was about 45 degrees. The defendants urged that the

glance fence was set as close to the cattle guard as the passage of trains would permit, and that was all that the law required, that this pattern of guard was made of a certain standard width, and that the approval of such pattern by the railroad commissioner precluded the claim that it should have been wider, so that it could extend far enough to make it practicable to build the glance fence up close to it. It would be unreasonable to suppose that the installation of a cattle guard, with nothing to prevent cattle passing by the side of it, would be a compliance with the statute. It was the manifest intention that the gap should be closed, except a sufficient space for the passage of trains, and that the portion thus left open should be protected by a cattle guard of approved pattern. If there was a strip broad enough for cattle to walk upon, the law was not complied with. There was no error in submitting to the jury the question whether this glance fence and cattle guard were negligently constructed.

Counsel complains that the court instructed the jury that it was defendant's duty to put in such a cattle guard as would prevent cattle from passing, which made defendant an insurer. An examination of the portions of the charge complained of does not establish this claim.

Error is assigned upon the alleged charge that the opinions of experts in relation to the safe condition of the guard "were not binding upon the jury." This is not a full quotation of the language of the judge. When read with other comments accompanying it, no fault can be found with it. The same language was approved on the former hearing.

There are a few other assignments of error, but our examination convinces us that they are baseless, and that no useful purpose would be subserved by discussing them.

The judgment is affirmed.

CARPENTER, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.